Filed 5/21/21  P. v. Konstantinov CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089817 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE018897) |
| v. | |
| VITALIY KONSTANTINOV, | |
| Defendant and Appellant. | |

A trial court sentenced defendant Vitaliy Konstantinov to a three-year term in state prison after a jury found him guilty of assault with a firearm, making a criminal threat, assault by means of force likely to produce great bodily injury, and concealing evidence. Defendant contends the trial court abused its discretion when it denied him probation. We disagree and affirm.

1

BACKGROUND

Defendant and his neighbor had a difficult relationship. At one point, defendant sold a car to his neighbor. The car had problems, and the neighbor filed a small claims lawsuit against defendant. He enlisted the assistance of the victim to personally serve the lawsuit on defendant. The victim attempted to serve defendant at defendant's house. He walked onto the property calling defendant's name and, after identifying defendant, left the service documents on the ground.

As he walked away to leave, defendant struck him in the head and knocked him to the ground. Defendant punched and kicked the victim while he was on the ground. Defendant was holding a gun, cocked it, held it to the victim's head, and told him, "I'm going to shoot you and you're going to be six feet underground." Defendant's father pulled defendant away from the victim and defendant took the victim's phone. The victim had a bloody nose and sustained injuries to his face, neck, and back. When police searched defendant's property, they found a cocked but unloaded handgun.

At trial, defendant and his father testified for the defense. Defendant's father testified that the victim struck defendant first and defendant then hit the victim twice. Defendant did not hit the victim while he was holding a gun, and only retrieved the gun later in the encounter. Once he had the gun, he did not point it at the victim, nor did he make any threats.

Defendant testified that the victim came onto his property and began threatening defendant. Defendant told the victim to leave multiple times, but the victim tried to punch defendant, so defendant hit him twice in response. Defendant then went to his shed and retrieved his gun, hoping that it would induce the victim to leave. He did not point the gun at the victim, cock the gun, or threaten the victim.

2

The jury found defendant guilty of assault with a firearm (Pen. Code, § 245, subd. (b)),[1] making a criminal threat (§ 422), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and concealing evidence (§ 135).  They also found true allegations that defendant personally used a firearm (§ 12022.5, subds. (a), (d)) in connection with the first three counts.

At the sentencing hearing, defense counsel requested the trial court consider probation.  The trial court reviewed the mitigating circumstances of the case:

"As probation points out, you are advisedly [*sic*] ineligible for probation pursuant to 1203(e)(2) unless unusual circumstances are found warranting a grant of probation.  And there are some mitigating circumstances, but I don't believe unusual circumstances are such that justify a granting of probation when weighing them against the seriousness of the nature of your conduct and the crimes that you committed.

"I do note that, yes, there are circumstances in mitigation including that there were some unusual circumstances.  There was arguably a provocation, it was on your property, a situation which will unlikely [*sic*] to recur, a combination of situation with the history, with the neighbor, and I know [the victim] was there to serve papers.

"The additional circumstance in mitigation is that the Defendant has led a productive life, and this is his first significant criminal offense.  It's his first violent offense.  The only thing on his history is a misdemeanor petty theft fifteen years ago.  So that's [a] very minor record.

"However, the aggravating factor is the crime did involve violence and bodily harm and threat of bodily harm, which is why the Court is not going to grant Mr. Konstantinov probation.  And those also are kind of captured in the charges."  The court ultimately sentenced defendant to an aggregate term of three years in state prison.

---

[1]     Undesignated statutory references are to the Penal Code.

DISCUSSION

Defendant argues that he should have been granted probation, despite his use of a firearm, because the crime included "unusual circumstances" that justified probation. In particular, defendant argues that he had a minimal criminal record, only used force to defend his property from a trespasser, and showed great remorse at sentencing. We see no abuse of discretion.

"Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to . . . [a]ny person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted." (§ 1203, former subd. (e)(2).) California Rules of Court, rule 4.413(c) sets forth factors that may indicate an unusual case, such as "great provocation, coercion, or duress"; no record of prior criminal offenses; a reduced mental condition; youth or age; or where the circumstances are substantially less serious than those in other cases. (Cal. Rules of Court, rule 4.413(c)(1)(A), (2).) But the existence of such facts does not necessarily establish an unusual case. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) " 'Unusual cases' " and " 'interests of justice' " must be narrowly construed and "limited to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced." (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1229.)

We review the trial court's finding that a case is not unusual for abuse of discretion. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.) To establish an abuse of the trial court's discretion, a defendant must show that the denial of probation was arbitrary, capricious, or exceeded the bounds of reason. (*Ibid.*; *People v. Bradley* (2012) 208 Cal.App.4th 64, 89.) "We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' [Citation.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 910.)

4

When it denied probation, the trial court considered the factors required by the California Rules of Court. The court noted that defendant was "arguably" provoked because he believed that the victim was a trespasser on his property and defendant's acrimonious history with his neighbor coupled with the service of a lawsuit created a situation that was unlikely to recur. The court also reviewed defendant's history and found that this was "his first significant criminal offense." Despite this, the court determined the case was not unusual because of the serious violence involved in the crime. Each of the factors that defendant claims support probation was previously considered and rejected by the trial court. Given the trial court's consideration of these factors, we cannot conclude that the court abused its discretion when it found that defendant's case was not unusual.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
BLEASE, Acting P. J.


We concur:


_____/s/_____
MURRAY, J.


_____/s/_____
HOCH, J.

5